**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TREASA FENNIE, | CIVIL ACTION NO. 11-2602 (MLC) |
| Plaintiff, | **O P I N I O N** |
| v. | |
| WELLS FARGO BANK, | |
| Defendant. | |

**THE PLAINTIFF**, who is pro se, applies for in-forma-pauperis relief under 28 U.S.C. § ("Section") 1915 ("Application"). (Dkt. entry no. 1, Appl.) The Court will (1) grant the Application, and (2) deem the Complaint to be filed. The Court may now (1) review the Complaint, and (2) dismiss it sua sponte if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B).

**THE PLAINTIFF**, in the handwritten Complaint, asserts that she "was violated by Breach of Contract" when the defendant bank "fraudulently closed my savings [account] unjustly and without merit [based on] inactivity which is false". (Dkt. entry no. 1, Compl. at 1.) The plaintiff seeks to have her "free savings account . . . re-instated" and monetary damages. (Id.) The plaintiff cites no statutes or law in support of her claim.

**THE COURT** lacks subject matter jurisdiction pursuant to Section 1332, as the cause of action does not satisfy the amount-in-controversy threshold.  See 28 U.S.C. § 1332(a).

**THE PLAINTIFF** also does not assert a cause of action that falls under subject matter jurisdiction pursuant to Section 1331.  See Mackay v. Keenan Mercedes Benz, 340 Fed.Appx. 127, 127 (3d Cir. 2009) (affirming dismissal of complaint not alleging violation of federal statute or Constitution); Scibelli v. Lebanon Cnty., 219 Fed.Appx. 221, 222 (3d Cir. 2007) (dismissing appeal from order dismissing complaint merely alleging defendant caused "injuries" for failure to allege federal constitutional or statutory basis for relief).  Also, there can be no liability under 42 U.S.C. § 1983 here, as the defendant bank is not a state actor.  See James v. Heritage Valley Fed. Credit Union, 197 Fed.Appx. 102, 106 (3d Cir. 2006) (stating defendant credit union and its employees were not state actors for purposes of 42 U.S.C. § 1983); Awala v. Wachovia Corp., 156 Fed.Appx. 527, 528 (3d Cir. 2005) (stating bank is not state actor merely because it operates as a bank in a regulated industry).  42 U.S.C. § 1983 does not cover merely private conduct, no matter how wrongful.  St. Croix v. Etenad, 183 Fed.Appx. 230, 231 (3d Cir. 2006).

**THE COURT** will dismiss the Complaint for failing to state a claim on which relief may be granted.  But the Court will do so without prejudice, and grant the plaintiff leave to recommence

the action in state court to the extent that the action asserts a cause of action under state law.  See 28 U.S.C. § 1367(d) (concerning state law claim surviving dismissal of federal claim); see Jaworowski v. Ciasulli, 490 F.3d 331, 333-36 (3d Cir. 2007) (concerning state law claim surviving dismissal for lack of jurisdiction under Section 1332).[1]  The Court will issue an appropriate order and judgment.

                                         s/ Mary L. Cooper
                                         **MARY L. COOPER**
                                         United States District Judge

Dated:  May 9, 2011

---

[1] See, e.g., Buckley v. Trenton Sav. Fund Soc., 111 N.J. 355, 371 (1988) (discussing state court cases allowing claims for damages when defendant bank unjustifiably froze or closed plaintiff's account).